UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER DIXON, Plaintiff, v. WEXFORD MEDICAL, et al., Defendants. | CAUSE NO. 3:20-CV-155-JD-MGG |

OPINION AND ORDER

Christopher Dixon, a prisoner without a lawyer, filed a complaint raising three claims related to his healthcare. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dixon alleges he has chronic obstructive pulmonary disease (COPD). He alleges he was being given an unidentified medication for his COPD. However, at some time in the past, an unnamed person stopped giving him the medication and told him to purchase it from commissary. Dixon does not say the medication is unavailable from commissary. Neither does he say he cannot afford to pay for it himself. "[T]he Eighth Amendment does not compel prison administrators to provide cost-free medical

services to inmates who are able to contribute to the cost of their care." *Poole v. Isaacs*, 703 F.3d 1024, 1026 (7th Cir. 2012). Therefore this allegation does not state a claim.

Dixon alleges he has sleep apnea. He alleges he is being denied testing for sleep apnea. However, it does not appear anyone denies he has sleep apnea. It is unclear why he needs additional testing or how it could be of any use since he has already been diagnosed. As presented, this allegation does not state a claim.

Dixon alleges he has been denied a CPAP machine to treat his sleep apnea. However he has attached paperwork showing medical staff at the prison requested a CPAP machine for him. ECF 2-1 at 5. The paperwork also shows the machine was denied because he was overweight. It is unclear who denied the request and whether it is one of the named defendants. Dixon does not deny being overweight. According to the National Institutes of Health, "treatment with CPAP promotes significant increase in BMI and weight." https://www.ncbi.nlm.nih.gov/pubmed/25432944. If he is already overweight, the risks of using a CPAP machine could outweigh the risks of not using it. That is a question for a medical professional. Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A mere disagreement with a medical professional does not state a claim, *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003), and even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). As presented, this allegation does not state a claim.

This complaint does not state a claim. However, if Dixon has additional facts he might be able to state a claim based on how his sleep apnea is being treated. Therefore

he will be permitted to file an amended complaint on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available in his prison law library. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the amended complaint he must clearly explain what treatment is receiving for his sleep apnea and how each defendant is personally involved. For a medical professional to be held liable for deliberate indifference to an Inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). In the amended complaint, Dixon must explain why he believes each medical professionals' decision to deny him a sleep apnea test or a CPAP machine is not based on professional judgment.

For these reasons, the court:

(1) GRANTS Christopher Dixon until **March 24, 2020**, to file an amended complaint on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form; and

(2) CAUTIONS Christopher Dixon if he does not respond by the deadline, this case will be dismissed without further notice because the current complaint does not state a claim.

SO ORDERED on March 2, 2020

                                                        /s/JON E. DEGUILIO  
                                                        JUDGE  
                                                        UNITED STATES DISTRICT COURT