UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER DIXON,

Plaintiff,

v.

CAUSE NO. 3:20-CV-155-JD-MGG

WEXFORD MEDICAL, et al.,

Defendants.

OPINION AND ORDER

Christopher Dixon, a prisoner without a lawyer, filed an amended complaint alleging he is being denied a CPAP machine for the treatment of sleep apnea. ECF 9. He raised this same claim in his original complaint. ECF 2. When the court screened that complaint, it did not state a claim, but Dixon was granted leave to file an amended complaint pursuant to *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), because "if Dixon ha[d] additional facts he might be able to state a claim based on how his sleep apnea is being treated." ECF 6 at 2.

However, the amended complaint does not provide additional facts about how his sleep apnea is being treated. Rather, it only vaguely alleges "all have neglected to provide the plaintiff with proper treatment with deliberate indifference to the danger." ECF 9 at 3. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

It is clear Dixon has been denied a CPAP machine because he is overweight. ECF 9-2 at 2. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

As previously explained, merely denying him a CPAP machine because he is overweight does not state a claim for deliberate indifference. According to the National Institutes of Health, "treatment with CPAP promotes significant increase in BMI and weight." https://www.ncbi.nlm.nih.gov/pubmed/25432944. Because Dixon is already overweight, the risks of using a CPAP machine could outweigh the risks of not using it. That is a question for a medical professional. "Depending on the type and severity of

2

your sleep apnea . . . other treatments may be possible." https://www.nhlbi.nih.gov/health-topics/sleep-apnea. Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A mere disagreement with a medical professional does not state a claim, *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003), and even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Dixon also alleges he has filed grievances which were not handled appropriately. However, Dixon has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure). Therefore this allegation does not state a claim.

Dixon also alleges he has contacted numerous defendants asking for a CPAP machine. However, merely informing someone of his complaints about other's actions does not make them liable. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.*

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court

must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Such is the case here. The amended complaint does not state a claim.

Finally, Dixon asks to proceed in forma pauperis and for a preliminary injunction ordering the defendants to give him a CPAP machine. However, he has already been granted leave to proceed in forma pauperis and he has not plausibly alleged that he is being denied constitutionally adequate medical treatment. Therefore neither motion can be granted.

For these reasons, the court:

(1) DENIES the motions (ECF 8 and 10) and

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A.

SO ORDERED on March 17, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT