UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER DIXON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-155-JD-MGG |
| SHERRI FRITTER and DIANE THEWS, | |
| Defendants. | |

OPINION AND ORDER

Christopher Dixon, a prisoner without a lawyer, filed an amended complaint alleging deliberate indifference to his sleep apnea at the Indiana State Prison in 2018. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dixon alleges he told Medical Staff Sherri Fritter and Diane Thews in October 2018 that he had sleep apnea, but both ignored his requests for medical evaluation and treatment. ECF 29-1 at 13. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or

standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, Dixon has plausibly alleged that Fritter and Thews acted outside the scope of accepted professional judgment when they ignored his requests for medical evaluation and treatment of his sleep apnea.

Dixon names six other defendants; five individuals and a corporate entity. However, corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Here, Dixon has only plausibly alleged personal actions by two individual defendants. He has not alleged facts from which it can be plausibly inferred that any of the other five individual defendants were deliberately indifferent. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore these other defendants will be dismissed.

Additionally, Dixon alleges his mail was improperly handled on April 1, 2020, but he does not say by whom. It is implausible to believe it was done by either of the two medical providers whom he alleges ignored his sleep apnea in 2018. Therefore, this is an unrelated claim. "[U]nrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). When a pro se prisoner files a suit with unrelated claims, it is the usual practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the

instant case – as well as to decide when or if to bring the other claims in separate suits. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). However, the court has other options. *Id*. In this case, the better option is to dismiss this unrelated claim because this is Dixon's fourth complaint. All of the prior complaints were about sleep apnea. This sleep apnea claim arose in 2018 and could soon be barred by the statute of limitations if he does not pursue it now. The new claim arose in 2020, has never been mentioned in his prior complaints, and he has time to raise it in a separate lawsuit. Therefore the unrelated claim about his mail will be dismissed.

For these reasons, the court:

(1) GRANTS Christopher Dixon leave to proceed against Sherri Fritter and Diane Thews in their individual capacities for compensatory and punitive damages for ignoring his requests for medical evaluation and treatment of his sleep apnea in October 2018 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Wexford Medical, Nancy Marthakis, Ronald Neal, Dawn Buss, Joshua Wallen, and Thomas Hobbs;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Sherri Fritter and Diane Thews with a copy of this order and the amended complaint (ECF 29), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last

employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sherri Fritter and Diane Thews to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 13, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT